# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                    **CIVIL ACTION NO.**

**VERSUS**                                          **23-117-BAJ-EWD**

**JEFF COLEMAN, ET AL.**

## <u>ORDER</u>

Before the Court is the "Request for Marshals Service," filed by Kelvin Wells ("Plaintiff"). The Motion seeks to have the United States Marshals Service appointed to serve process on Defendants Jeff Coleman and U.S. Department of Education ("USDOE"). As Plaintiff has not shown that service on Defendants is not feasible, the Motion will be denied.

On February 16, 2023, Plaintiff filed this action. It appears Plaintiff made a complaint to the USDOE regarding Helix Mentorship Academy ("Helix") and the way Helix interacted with certain students. As to Defendants in this suit, Plaintiff seems to be complaining that he made a Freedom of Information Act ("FOIA") request that has not been fulfilled.[1]

Plaintiff paid the full $402.00 filing fee by February 23, 2023. Summons was issued by the Court for Jeff Coleman on March 16, 2023.[2] It does not appear that the proper summonses were ever issued for service on USDOE, which is a federal agency subject to the service requirements of Federal Rule of Civil Procedure 4(i).[3] On June 29, 2023, Plaintiff submitted a

---

[1] R. Doc. 1.

[2] R. Doc. 3. There is no proof of service in the record as to Jeff Coleman, as required under Federal Rule of Civil Procedure 4(l).

[3] According to Federal Rule of Civil Procedure 4(i), to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

letter to the Court, which says, "Defendants are in default if no responsive pleadings lodged by now.  I haven't received any responsive pleadings."[4]

Federal Rule of Civil Procedure 4(c)(3) provides for service by a United States marshal or deputy marshal "at the plaintiff's request."  Before requesting service under Rule 4(c)(3), "the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint."[5]

Other than the blanket statement that Plaintiff has "delivered Petitions and summons by registered priority mail with signatures required several times over the past 90 days and there has been no form of response," there is no information regarding Plaintiff's attempts to serve Defendants.  As noted above, Plaintiff has not even submitted the summonses necessary to serve the U.S. Department of Education, so he could not establish that his attempts to serve the USDOE are not feasible at this time.    Therefore,

**IT IS ORDERED** that the Request for Marshals Service," filed by Plaintiff Kelvin Wells, is **DENIED**.  The denial is without prejudice to reurging after Plaintiff makes a diligent attempt to

---

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

[4] R. Doc. 6.

[5] *Sharabati v. Sharabati*, 15-95, 2015 WL 4665276, at *2 (N.D. Miss. Aug. 6, 2015), citing 4A FEDERAL PRACTICE AND PROCEDURE § 1090 *citing* 93 F.R.D. 255, 262, 128 Cong. Rec. H9848 to 9855, 96 F.R.D. 81, 127.

serve Defendants Jeff Coleman and the U.S. Department of Education, as required under the Federal Rules of Civil Procedure, and after Plaintiff can establish that he cannot accomplish service on his own.

Signed in Baton Rouge, Louisiana, on July 26, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**