# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELVIN WELLS** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-117-BAJ-EWD** |
| **JEFF COLEMAN, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2024.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELVIN WELLS** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-117-BAJ-EWD** |
| **JEFF COLEMAN, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss by the United States of America,[1] which seeks dismissal of Plaintiff Kelvin Wells's claims in this case. The government alleges that Wells did not timely serve Defendants Jeff Coleman or the United States Department of Education ("USDOE"), such that the Court lacks personal jurisdiction over the defendants. The government also argues that Wells has not stated a viable claim for relief under the Freedom of Information Act or under the Administrative Procedure Act. Wells has not responded to the Motion, and the time to do so has passed.[2] It is recommended that the Motion be granted in part, dismissing Wells's claims in this case for failure to timely serve under Fed. R. Civ. P. 4(m).[3]

**I.   BACKGROUND**

On February 16, 2023, Wells filed this case. It appears Wells made a complaint to the US Department of Education regarding Helix Mentorship Academy ("Helix") and the way Helix interacted with certain students. As to Defendants in this suit, Wells seems to be complaining that he made a Freedom of Information Act ("FOIA") request that has not been fulfilled.[4]

---

[1] R. Doc. 13.
[2] Under Local Civil Rule 7(f), a party has 21 days after service to respond to a motion.
[3] Fed. R. Civ. P. 4(m) permits dismissal on the Court's own motion for failure to timely serve a complaint. *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[4] R. Doc. 1.

Wells paid the full $402.00 filing fee by February 23, 2023. Summons was issued by the Court for Jeff Coleman on March 16, 2023.[5] It does not appear that the proper summonses were ever issued for service on USDOE, which is a federal agency subject to the service requirements of Federal Rule of Civil Procedure 4(i).[6] On June 29, 2023, Plaintiff submitted a letter to the Court, which says, "Defendants are in default if no responsive pleadings lodged by now. I haven't received any responsive pleadings."[7] On July 20, 2023, Wells filed a Request for Marshals Service,[8] seeking to have the United States Marshals Service ("USMS") appointed to serve process on Defendants. As Wells had not shown that service on Defendants was not feasible, the Motion was denied without prejudice to reurging after Wells made a diligent attempt to serve Defendants so that he could establish inability to accomplish service on his own.[9]

---

[5] R. Doc. 3. There is no proof of service in the record as to Jeff Coleman, as required under Federal Rule of Civil Procedure 4(l).

[6] According to Federal Rule of Civil Procedure 4(i), to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

[7] R. Doc. 6.
[8] R. Doc. 7.
[9] R. Doc. 8.

Wells then filed a Motion for Summary Judgment on October 2, 2023.[10] The Motion for Summary Judgment was terminated without prejudice because Wells still had not established service on Defendants. Wells was ordered to file adequate service information into the record for Defendants by no later than December 1, 2023.[11] On October 25, 2023, Wells filed an Affidavit Attesting to the Truth of Facts. While not clear, it appears this Affidavit is intended to explain that Wells attempted to serve Defendants by priority mail.[12] On October 30, 2023, the government filed the instant Motion seeking dismissal of Wells's claims. As noted, above, Wells never responded to the Motion.

## II.    LAW AND ANALYSIS

Fed. R. Civ. P. 4(m) provides for the dismissal of an action without prejudice if a plaintiff fails to serve the defendants within 90 days of the filing of the complaint. However, if a plaintiff shows good cause for the failure to serve the defendants within the 90-day period, the court must extend the time for service for an appropriate period. "Good cause" requires "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[13] Good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.[14] If the plaintiff fails to show good cause, the court may, in its discretion, dismiss the case without prejudice or grant a further extension of time.[15]

---

[10] R. Doc. 9.
[11] R. Doc. 10.
[12] R. Doc. 12.
[13] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013), citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).
[14] *Id*.
[15] *Hunter v. Goodwill Industries*, No. 05-2698, 2006 WL 1968860, at *1 (E.D. La. July 13, 2006), citing *Thompson*, 91 F.3d at 21.

Here, the Court did not grant Wells' request for service by USMS because he had not shown diligent efforts to serve Defendants on his own. As was explained to Wells at that time, before requesting service under Fed. R. Civ. Proc. 4(c)(3), "the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint."[16] Rather than address the service issue, Wells then filed a Motion for Summary Judgment.  The Court terminated the Motion for Summary Judgment without prejudice and, again, gave Wells instructions to provide adequate service information for Defendants--this time, by no later than December 1, 2023. Wells was specifically advised that the failure to timely comply could result in dismissal of his case without further notice.[17] This case has been pending for over a year, yet, to date, no proof of service on Defendants has been filed into the record.  Further, Wells has not provided the Court with any explanation for his non-compliance, nor sought additional time, even though the Court warned Wells that failure to timely comply could result in the dismissal of the case.[18]

Sufficient time has passed for Wells to serve Defendants in this case. Because Wells has failed to provide adequate service information, the government's Motion should be granted in part, dismissing Wells's claims in this case without prejudice.

Accordingly,

---

[16] R. Doc. 8, p. 2, citing I, 15-95, 2015 WL 4665276, at *2 (N.D. Miss. Aug. 6, 2015), citing 4A FEDERAL PRACTICE AND PROCEDURE § 1090 citing 93 F.R.D. 255, 262, 128 Cong. Rec. H9848 to 9855, 96 F.R.D. 81, 127.
[17] R. Doc. 10, pp. 4-5.
[18] R. Doc. 23.

**IT IS RECOMMENDED** that the Motion to Dismiss by the United States of America,[19] be **GRANTED IN PART** and that all claims of Plaintiff Kelvin Wells in this case be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service of process.

Signed in Baton Rouge, Louisiana, on April 15, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] R. Doc. 13.